UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS WILLIAMS,

                          Plaintiff,

      v.                                                                                   9:18-CV-1041
                                                                                                (BKS/TWD)

R. ADAMS, et al.,

                          Defendants.
_____

APPEARANCES:

THOMAS WILLIAMS, *Pro Se*
96-A-3375
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

BRENDA K. SANNES
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Thomas Williams ("plaintiff"), a prison inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action on or about August 31, 2018, with the filing of a complaint, accompanied by an application to proceed in the action in forma pauperis ("IFP"). Dkt. Nos. 1, 2. Following its review of plaintiff's IFP application, the Court issued a Decision and Order dated November 5, 2018, determining that plaintiff had acquired "three strikes" for purposes of 28 U.S.C. § 1915(g) prior to commencing this action and that the complaint failed to allege any facts that

would support a finding that plaintiff was in imminent danger at the time of filing. Dkt. No. 5 ("Nov. Order"). Accordingly, the Court denied plaintiff's IFP application and directed him to pay the full statutory filing fee of $400 if he wished to proceed in the action. Nov. Order at 7. On or about December 6, 2018, the Court received the full filing fee from plaintiff. Dkt. No. 8.

On January 29, 2019, the Court issued a Decision and Order following its review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A ("Section 1915A"). Dkt. No. 9 ("January Order"). The Court accepted plaintiff's complaint with respect to the Eighth Amendment deliberate medical indifference claims asserted against defendant Dr. Adams concerning defendant Adams' medical treatment of plaintiff at Clinton Correctional facility ("Clinton C.F.") between November 2015 and November 2016. *Id.* at 20. The Court also dismissed without prejudice all other deliberate medical indifference claims asserted against defendants Adams, Johnson, and Koenigsmann. *Id.*

On or about February 15, 2019, plaintiff filed an amended complaint, Dkt. No. 12 ("Am. Compl.") at 3-17, and the Clerk has forwarded it to the Court for review.

## II. DISCUSSION

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15. In relevant part, Rule 15(a)(1) provides that a party may amend its complaint once as a matter of course within 21 days after service of a responsive pleading or a motion under Federal Rule of Civil Procedure Rule 12(b). Fed. R. Civ. P. 15(a)(1). Rule 15(a) states that, "[i]n all other cases," leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2)*; see Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord, Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).

Because no defendant has yet been served in this action or responded to plaintiff's original complaint, the amended pleading now before the Court is an amended complaint as of right pursuant to Rule 15(a). Accordingly, the Court is obligated only to consider the sufficiency of the allegations pursuant to Section 1915A. The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Section 1915A was discussed at length in the January Order and will not be restated in this Decision and Order. *See* January Order at 2-3.

Plaintiff's amended complaint is a complete pleading that realleges all of the same facts concerning his Eighth Amendment deliberate medical indifference claims against defendant Adams that survived the Court's initial review, as set forth in the January Order. *See generally* Am. Compl. The only material difference between the original and amended complaints is that the amended complaint includes additional allegations against defendant Adams concerning his medical treatment of plaintiff between November 2016 and September 2017. Am. Compl. at 6-14. In particular, plaintiff alleges in the amended complaint that defendant Adams had no basis for refusing to prescribe plaintiff Ultram, a morphine pain medication, and that defendant Adams had first-hand knowledge (from his previous medical treatment of plaintiff between 2008-2010) that it would resolve plaintiff's chronic and serious pain. *Id.* at 12-13. The amended complaint also alleges that defendant Adams knew, based on his previous medical treatment of plaintiff, that physical therapy had been (and would continue to be) ineffective for plaintiff but prescribed it anyway between February 2017 and June 2017. *Id.* at 8, 14.

Liberally construed, the amended complaint asserts Eighth Amendment deliberate medical indifference claims against defendant Adams arising from defendant Adams' medical

3

treatment of plaintiff at Clinton C.F. between November 2015 and September 2017. *See Am. Compl. at 3-17.* Mindful of the obligation to liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will accept plaintiff's amended complaint for filing in its entirety and defendant Adams shall be required to respond.

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff's amended complaint (Dkt. No. 12 at 3-17) is **ACCEPTED for filing**; and it is further

**ORDERED** that the Clerk shall docket the amended complaint (Dkt. No. 12 at 3-17) and attached exhibit (Dkt. No. 12-1) as a separate docket entry and identify it as the "First Amended Complaint," which is now the operative pleading in the action; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the First Amended Complaint and the $8.00 service fee previously received from plaintiff, to the United States Marshal for service upon defendant Adams; and it is further

**ORDERED** that the Clerk shall forward to the New York State Attorney General a copy of the summons, the First Amended Complaint, and this Decision and Order; and it is further

**ORDERED** that a response to the First Amended Complaint shall be filed by defendant Adams or his counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United

States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: April 23, 2019

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

5